UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 12-60343-cv-Williams/Seltzer

GEORGE LONGMORE,

    Plaintiff,

v.

UNITED RECOVERY SYSTEMS,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
and SUPPORTING MEMORANDUM OF LAW**

COMES NOW Defendant, UNITED RECEOVERY SYSTEMS, LP, (hereinafter "URS" or "Defendant"), by and through its undersigned counsel, and respectfully requests this Court grant its Motion for Summary Judgment and in support states the following:

**I.   Factual Background and Procedural History**

On February 27, 2012, Plaintiff initiated the instant lawsuit by filing a Complaint alleging that Defendant violated the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.* Thereafter, on April 6, 2012, Plaintiff filed an Amended Complaint alleging that Defendant violated the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.*, and the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.* Specifically, in his Amended Complaint, Plaintiff alleges that on August 23, 2010, Defendant "initiated a pull of Plaintiff's credit report from Equifax without permissible purpose." *See*, DE 1 at ¶ 3. As a result of the alleged facts, Plaintiff asserts that Defendant violated §559.72(3)

and §559.72(6), 15 U.S.C. §1692e(10), and 15 U.S.C. §1681f.  *See*, DE 9 at ¶¶  13(a and b), 17, 20(a), and 24(a).

On April 22, 2010, HSBC Bank Nevada, N.A. referred Plaintiff' delinquent credit card account to Defendant for collection. *See*, Declaration of URS at ¶¶ 5 and 6.  On or about April 23, 2010, URS pulled Plaintiff's credit report for the purposes of collecting on the Plaintiff's account which was referred to URS for collection by the original creditor, HSBC Bank Nevada, N.A.  URS did not obtain Plaintiff's credit report from **Equifax** as alleged by Plaintiff in his Amended Complaint.  Plaintiff's credit report was obtained by URS subsequent to receiving Plaintiff's account for collection from HSBC Bank Nevada, N.A.  *See*, Declaration of URS at ¶ 7.  Defendant asserts that it did have a "permissible purpose" as defined by the FCRA to pull Plaintiff's credit report.

II.     **Legal Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  On a motion for summary judgment, all evidence and inferences are viewed in a light most favorable to the nonmoving party. *Id.* at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. *See Celotex*, 477 U.S. at 324.  If a plaintiff cannot support each essential element of her claim, summary judgment must be granted because a complete

failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322-23.

### III.     Legal Arguments

#### a) Plaintiff's FCCPA claim is without basis.

Defendant is entitled to summary judgment on Plaintiff's FCCPA claims for three reasons: 1) Plaintiff's FCCPA claims are pre-empted by the FCRA, 2) Defendant did not obtain Plaintiff's credit report from **Equifax**[1], and 3) Defendant had a permissible purpose to pull Plaintiff's credit report[2]. In Count I of Plaintiff's Amended Complaint, Plaintiff asserts that Defendant violated §559.72(3) and §559.72(6) whereby on August 23, 2010, Defendant "initiated a pull of Plaintiff's credit report from Equifax without permissible purpose."

The FCCPA at § 559.72(3), states that no debt collector shall:

> Tell a debtor who disputes a consumer debt that she or he or any person employing her or him will disclose to another, orally or in writing, directly or indirectly, information affecting the debtor's reputation for credit worthiness without also informing the debtor that the existence of the dispute will also be disclosed as required by subsection (6);

The FCCPA at § 559.72(6), states that no debt collector shall:

> Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made prior to such reasonable dispute having been asserted and written notice is received from the debtor that any part of the debt is disputed and if such dispute is reasonable, the person who made the original disclosure shall reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days;

---

[1] This argument is discussed more fully in Subsection c).
[2] This argument is discussed more fully in Subsection c).

Page **3** of **13**

The allegations in the Complaint relate solely to credit reporting functions performed or allegedly improperly performed by Defendants on Plaintiff's account. Plaintiff specifically alleges that Defendants violated Fla. Stat Fla. Stat. §559.72(3) and §559.72(6) whereby on August 23, 2010, Defendant "initiated a pull of Plaintiff's credit report from Equifax without permissible purpose."

Courts within the Eleventh Circuit have held that section 1681t(b)(1)(F) of FCRA is the preemption section that applies to state statutory regulation of credit reporting practices and procedures. See, *Jordan v. Trans Union LLC*, 377 F. Supp.2d 1307, 1309 (N.D. Ga. 2005); *Neal v. Equifax Information Services LLC*, 2005 U.S. Dist. LEXIS 44784, 2005 WL 5249668, at *3 (N.D. Ga. Mar. 4, 2005); *Johnson v. Citimortgage, Inc.*, 351 F. Supp.2d 1368, 1376 (N.D. Ga. 2004*); McCloud v. Homeside Lending*, 309 F. Supp.2d 1335, 1341 (N.D. Ala. 2004). The factual basis for Plaintiff's state law claim is credit reporting. Plaintiff's sole allegations give rise to the alleged violation of law is that on August 23, 2010, Defendant "**initiated a pull** of Plaintiff's **credit report** from **Equifax** without permissible purpose.". (emphasis added). The FCRA pre-empts all state law causes of action based upon credit reporting. *See, Jaramillo v. Experian Information Solutions, Inc.,* 155 F. Supp. 2d 356, 361-62 (E.D. Pa. 2001); *see also, Riley v. General Motors Acceptance Corp.,* 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002)(finding preemption of state tort claims for negligence, defamation, invasion of privacy and outrage, and acknowledging that "there is no question that the statutory prohibition precludes suits under state consumer protection laws"); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1144 (N.D. Cal. 2005)("Congress intended the FCRA to preempt state laws regarding the duties of furnishers.")

Since the Plaintiff's state law claim based upon credit reporting is preempted by the FCRA, Defendant did not obtain Plaintiff's credit report from **Equifax**[3], and because Defendant pulled Plaintiff's credit report for the purposes of collecting his unpaid credit card account, Defendant had a permissible purpose in pulling Plaintiff's credit report[4], Plaintiff's allegations contained in Count I are insufficient to sustain the cause of action pled. Therefore, Defendant is entitled to summary judgment on Plaintiff's FCCPA claims.

### b) **Plaintiff's FDCPA claim is without basis or merit.**

In Count II of the Amended Complaint, Plaintiff asserts that Defendant violated 15 U.S.C. §1692e(10) whereby on August 23, 2010, Defendant "initiated a pull of Plaintiff's credit report from Equifax without permissible purpose."

The FDCPA at 15 U.S.C. §1692e(10), states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

First, Plaintiff's claim under the FDCPA is without merit as Plaintiff's sole recourse would be against Defendant for an action brought under the FCRA. Plaintiff attempts to disguise a 15 U.S.C. §1681, Fair Credit Reporting Act ("FCRA") claim as a 15 U.S.C. §1692, Fair Debt Collections Practices Act claim ("FDCPA"), in an attempt to end run the requirements required of a consumer/debtor seeking relief relative to credit reporting issues.

---

[3] This argument is discussed more fully in Subsection c).
[4] This argument is discussed more fully in Subsection c).

Page **5** of **13**

In a parallel situation, a debtor bought a claim under the FDCPA. However, such claim was precluded when the matter should have been brought under the Bankruptcy Code. In *Kokoszka v. Belford,* 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), the Supreme Court held that despite the protection rendered to consumers under the FDCPA, the debtor's protection remedy remained under the Bankruptcy Code. Based on *Kokoszka,* several courts have held that claims brought pursuant to the FDCPA are precluded when such claims are based upon a post-petition violation that can be remedied under the Bankruptcy Code. *See, Betty Jean McCarther-Morgan v. Asset Acceptance*, *LLC,* Adv. Case No. 07-90654-M13 (Bankr S.D. Ca. March 12, 2008); *Rice-Etherly v. Bank One (In re Rice-Etherly),* 336 B.R. 308 (Bankr.E.D.Mich.2006) (holding that the FDCPA did not apply to the proof of claim filed in the bankruptcy case); *Degrosiellier v. Solomon & Solomon, P.C.,* No. 00-CV-1065, 2001 WL 1217181 at 4 (N.D.N.Y. Sept.27, 2001) (holding that the Bankruptcy Code precludes a claim brought pursuant to the FDCPA where such violation by a defendant can be remedied by the Bankruptcy Code); *Kaiser v. Braje & Nelson, LLP,* No. 3:04-CV-405 RM, 2006 WL 1285143 (N.D.Ind. May 5, 2006)(holding that FDCPA claims are pre-empted by the Bankruptcy Code remedies such as the filing of an objection to the claim).

In *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502 (9th Cir. 2002), a debtor brought a class action on behalf of Chapter 7 bankruptcy debtors against Wells Fargo Bank for violating the discharge injunction when attempting to collect a discharged debt. *Id.* at 504. The debtor also brought a claim under the FDCPA. *Id.* The court held:

> There is no escaping that Walls's FDCPA claim is based on an alleged violation of § 524….The Bankruptcy Code provides its own remedy for violating §524, civil contempt

> under § 105….. Walls's remedy for violation of §524, no matter how cast, lies in the Bankruptcy Code.

*Id.* at 511.

In a Middle District of Florida Bankruptcy case, *Pariseau v. Asset Acceptance, LLC*, 395 B.R. 492, (Bankr.M.D.Fla., 2008), Chapter 13 debtors filed an adversary complaint alleging violations of the FDCPA and the FCCPA. *Id.* at 493. The defendant debt collector filed a Motion to Dismiss. *Id.* The court granted defendant's motion and held that debtors' remedy was not under the FDCPA, but under the Bankruptcy Code. *Id.* at 494.

The court in *Pariseau* stated that to allow claims under the FDCPA or the FCCPA, would circumvent the entire scheme established by Congress to deal with creditor and debtor relationships. *Id.* at 496. To allow such claims, when the Bankruptcy Code has built-in remedies, would open up the floodgate for unnecessary and expensive litigation. *Id.*

In the instant case, the fact of the matter is that Defendant's activities are solely related to credit reporting activity and Plaintiff's allegations in the Complaint only relate to credit reporting issues in that Plaintiff alleges that on August 23, 2010, Defendant initiated a pull of Plaintiff's credit report from Equifax without permissible purpose. As such, as Congress has established an entire scheme, the FCRA, to deal with credit reporting issues such as the one contained in Plaintiff's Amended Complaint, Defendant is entitled to Summary Judgment on Plaintiff's FDCPA claim.

Secondly, Defendant is entitled to Summary Judgment on Plaintiff's FDCPA claim for two reasons 1) Defendant did not obtain Plaintiff's credit report from **Equifax**[5]

---

[5] This argument is discussed more fully in Subsection c).

Page **7** of **13**

as alleged by Plaintiff and 2) when Defendant pulled Plaintiff's credit report for the purposes of collecting his unpaid credit card account, Defendant had a permissible purpose in pulling Plaintiff's credit report[6]. As Defendant had a permissible purpose to "pull" Plaintiff's credit report, there can be no violation 15 U.S.C. §1692e(10) as alleged by Plaintiff. As such Plaintiff's allegations contained in Count II are insufficient to sustain the cause of action pled and Defendant is therefore entitled to Summary Judgment on Plaintiff FDCPA claim.

### c) **Plaintiff's FCRA claim is without basis or merit.**

In Count III, Plaintiff alleges that Defendant willfully violated 15 U.S.C. §1681f whereby on August 23, 2010, Defendant "initiated a pull of Plaintiff's credit report from Equifax without permissible purpose." Furthermore, in Count IV, Plaintiff makes the near exact allegation, but only alleges that such action was done negligently.

On April 22, 2010, HSBC Bank Nevada, N.A. referred Plaintiff' delinquent credit card account to Defendant for collection. *See*, Declaration of URS at ¶¶ 5 and 6. On or about April 23, 2010, URS pulled Plaintiff's credit report for the purposes of collecting on the Plaintiff's account which was referred to URS for collection by the original creditor, HSBC Bank Nevada, N.A. URS did not obtain Plaintiff's credit report from **Equifax** as alleged by Plaintiff in his Amended Complaint. *See*, Declaration of URS at ¶ 7 Plaintiff's credit report was obtained by URS subsequent to receiving Plaintiff's account for collection from HSBC Bank Nevada, N.A. *See*, Declaration of URS at ¶ 7. Defendant asserts that it did have a "permissible purpose" as defined by the FCRA to pull Plaintiff's credit report.

---

[6] This argument is discussed more fully in Subsection c).

Page **8** of **13**

The FCRA provides the following:

(a) In general

Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

* * *

(3) To a person which it has reason to believe –

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review *or collection of an account of*, the consumer;

15 U.S.C. §1681b(a)(3)(A) (emphasis added).

The FCRA imposes civil liability on any person who willfully or negligently obtains a consumer report for a purpose not authorized by FCRA. 15 U.S.C. §§ 1681b, 1681n(a), 1681o(a); see also *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 36 (3d Cir. 2011).  However, the FCRA states that a consumer reporting agency may furnish a consumer report to a person who intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer." 15 U.S.C. §§ 1681b(a)(3)(A) (emphasis added),  Therefore, collection of a consumer debt is a permissible purpose under FCRA to acquire a consumer report. *Demaestri v. Asset Acceptance Capital Corp.*, 11-cv-0167 I-WJM -MJW, 11-cv-01672-WJM-MJW, 2012 WL 1229907 (Mar. 14,2012), report and recommendation adopted by Demaestri 11-cv-1672-WJM-MJW, 2012 WL 1229940 (D. Colo. Apr. 12, 2012) (finding

that collection of a debt for services of a utility company was a permissible purpose to obtain a consumer report under FCRA; see also *Huertas v. Galaxy Asset Mgmt.*, 641 F,3d 28, 36 (3d Cir. 2011).

Thus, "[t]o qualify under § 1681b(a), the 'credit transaction' must both (1) be a 'credit transaction involving the consumer on whom the information is to be furnished' and (2) involve 'the extension of credit to, or review or collection of an account of, the consumer.'" *Pintos v. Pacific Creditors Ass'n,* 565 F.3d 1106, 1112 (9th Cir. 2009). Because Defendant pulled Plaintiff's credit report for the purposes of collecting his unpaid credit card account, Defendant had a permissible purpose in pulling Plaintiff's credit report. As such Plaintiff's allegations contained in Count III and IV are insufficient to sustain the cause of action pled.

### 1. Credit Transaction Involving the Consumer

The FRCA defines "credit" as the "right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payments or to purchase property or services and defer payment therefor." 15 U.S.C. § 1681a(r)(5)(incorporating 15 U.S.C. § 1691a(d)). In the instant case, Plaintiff's account which was referred by HSBC Bank N.A. to Defendant for collection, and in turn caused Defendant to obtain Plaintiff's credit report, was for an unpaid credit card. *See*, Declaration of DeYoung at ¶ 6. The providing of credit via a credit card meets the definition of "credit" under the FCRA because the service is provided before payment is due. *See, Murray v. New Cingular Wireless Services, Inc.,* 432 F.Supp.2d 788, 791 (N.D. Ill. 2006), *affirmed on appeal by Murray v. New Cingular Wireless Services, Inc.,* 523 F.3d 719 (7th Cir. 2008).

Therefore, in the instant case, because HSBC Bank N.A. provided the Plaintiff with his service prior to payment being due, the account at issue constitute a "credit transaction involving the consumer" under the FCRA.

### 2. Collection of an Account of the Consumer

On April 23, 2010, Defendant pulled Plaintiff's credit report for the purposes of collecting on the Plaintiff's account which was referred to Defendant for collection by the original creditor. *See*, Declaration of DeYoung at ¶ 7. As stated *supra*, the FCRA expressly provides that obtaining a consumer's credit report for the purposes of collecting on an account of that consumer is a permissible purpose. 15 U.S.C. §1681b(a)(3)(A). Additionally, Courts have interpreted §1681b to allow the procurement of a debtor's credit report by a debt collector in connection with the collection of a debt. *See e.g., Huertas v. Galaxy Assest Management,* 641 F.3d 28 (3rd Cir. 2011)(holding that debt collector that sought a credit report on a debtor while attempting to collect on debtor's delinquent credit card account did not violate the FCRA); *Phillips v. Grendahl,* 312 F.3d 357, 366 (7th Cir. 2002) *abrogated on other grounds* (describing purpose under §1681b(a)(3)(A) as "in other words, debt collection"); *McNall v. Credit Bureau of Josephine County*, 689 F.Supp.2d 1265 (D. Or. 2010)(holding that debt collector did not violate the FCRA by obtaining debtor's credit report notwithstanding debt collector's failure to provide validation of the debt to debtor); *Perretta v. Capital Acquisitions & Mgmt. Co.,* 2003 WL 21383757, at *5 (N.D. Cal. May 5, 2003)("it appears that if in fact defendant obtained plaintiff's consumer report it was in connection with an effort to collect a debt, plaintiff's FCRA claim fails").

Therefore, because Defendant's procurement of Plaintiff's credit report on April 23, 2010 was for the purpose of collecting on an account belonging to the Plaintiff, Defendant's actions were within the confines of the FCRA.

### IV. Conclusion

Because when Defendant pulled Plaintiff's credit report, Defendant did so for the purposes of collecting on an account constituting a credit transaction involving the Plaintiff, Plaintiff's claims under the FCCPA, FDCPA and FCRA lack facial plausibility. Moreover, Plaintiff's FCCPA claims are pre-empted by the FCRA. Thus Defendant is entitled to judgment as a matter of law.

WHEREFORE, Defendant respectfully requests an order from this Honorable Court granting Defendant's Motion for Summary Judgment and Dismissing Plaintiff's Complaint with Prejudice.

Respectfully submitted by:
/s/ Dale T. Golden
Dale T. Golden, Esquire
FBN: 0094080

/s/ Charles J. McHale
Charles J. McHale, Esquire
FBN: 0026555
**GOLDEN & SCAZ, PLLC**
201 North Armenia Avenue
Tampa, FL 33609
Phone: 813-251-5500
Fax: 813-251-3675
Email: dale.golden@goldenscaz.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 5, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day via Fist Class U.S. Mail on Plaintiff, John Pinson, pro se, at 526 Westwood Road, West Palm Beach, Florida 33401.

<u>/s/ Dale T. Golden</u>
Dale T. Golden, Esquire
FBN: 0094080

<u>/s/ Charles J. McHale</u>
Charles J. McHale, Esquire
FBN: 0026555